UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES HUBBARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:14-CV-598 JM |
| vs. | ) |  |
|  | ) |  |
| MR. PAYNE, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Charles Hubbard, a *pro se* prisoner, filed an amended complaint alleging that Sgt. Derek choked and hit him while he was having a seizure. He alleges that Nurse Derek and Captain Payne saw this, but did not intervene to stop it even though they knew it was wrong. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The "core requirement " for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation

omitted). "[A] mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives" does not establish a basis for liability. *Whitley v. Albers*, 475 U.S. 312, 322 (1986). A bystander "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

Though Hubbard's complaint lacks many important details, it nevertheless states a claim against Sgt. Derek for using excessive force against him in violation of the Eighth Amendment and against Nurse Derek and Captain Payne for failing to intervene to stop Sgt. Derek from attacking Hubbard.

For the foregoing reasons, the court:

(1) **GRANTS** Charles Hubbard leave to proceed against Sgt. Derek in his individual capacity for compensatory damages for attacking him while he was having a seizure in violation of the Eighth Amendment;

(2) **GRANTS** Charles Hubbard leave to proceed against Nurse Derek and Captain Payne in their individual capacities for compensatory damages for their failure to intervene to stop Sgt. Derek from attacking Charles Hubbard while he was having a seizure in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk to transmit the summons and USM-285 for Sgt. Derek, Nurse Derek, and Captain Payne to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sgt. Derek, Nurse Derek, and Captain Payne; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Derek, Nurse Derek, and Captain Payne respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

                                    **SO ORDERED.**

Date: August 13, 2014

                                s/James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT