UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES HUBBARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:14-CV-598 JM |
| v. | ) |  |
|  | ) |  |
| MR. PAYNE, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Charles Hubbard, a *pro se* prisoner, is proceeding against Sgt. Derek in his individual capacity for compensatory damages for attacking him while he was having a seizure in violation of the Eighth Amendment. He is also proceeding against Nurse Derek and Captain Payne in their individual capacities for compensatory damages for their failure to intervene to stop Sgt. Derek from attacking him while he was having a seizure. It has not been possible to serve either Sgt. Derek or Nurse Derek because the Indiana Department of Correction could not identify any employees by the names of Derek (or Derck). (DE ## 16 & 17.) Nevertheless, Mr. Payne filed a motion for summary judgment presenting two arguments: first, that Hubbard did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), and second, that the complaint was filed beyond the applicable statute of limitations.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a). A genuine issue of material fact exists when "the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). If the nonmoving party does not establish the existence of an essential element on which that party bears the burden of proof at trial, summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). Summary judgment "is the put up or shut up moment in a lawsuit." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

In his response to the summary judgment motion, Hubbard responds to the assertion that he did not exhaust his administrative remedies, but he does not dispute that his complaint was filed after the statute of limitations had expired. In his complaint, Hubbard did not say when the incident occurred. However, in a discovery request he identifies the date of the incident as August 15, 2010:

> 3. August 15, 2010. There was an altercation between petitioner and a ranking member of the Westville Correctional Facility administrative

2

> that was known and identified as Sgt. He was 6' 3" feet tall. He weight 170-180 pds. Dark hair and he was assign to the Pods August 15, 2010. I believe I may have been misinformed from a prior officer of the Sgt. name, but I do recognize that the administration keep records on the ranking members assignment and location.
> 	4. On the very same shift, there was a nurse in her mid 30's maybe 34 about 5' 3" maybe 110 pds. brown hair who works on weekdays. She was a witness to the Sgt altercation against petitioner.
> 	5. I'm only asking for the right identification of the incident report that was taken on August 15, 2010, from the two individuals.

(DE # 27 at 2; DE # 31-4 at 2.)

"Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). This lawsuit is brought in Indiana under § 1983. Therefore Hubbard only had until August 15, 2012, to file a lawsuit based on events which occurred on August 15, 2010. However, the original complaint in this case was not signed until March 6, 2014. (DE # 1 at 6.) Therefore this complaint is untimely and this action is barred by the statute of limitations.

Though the summary judgment motion was only filed by one defendant, the statute of limitations applies to all claims which arose on August 15, 2010, and they are untimely too. Therefore summary judgment will be granted as to all defendants because "where one defendant succeeds in winning summary judgment on a ground common to several defendants, the district court may also grant judgment to the non-moving defendants, if the plaintiff had an adequate opportunity to argue in opposition." *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006), *as amended on denial of reh'g* (May 25, 2006) (brackets, quotation marks and citation omitted). *See also Harvey v.*

*Town of Merrillville*, 649 F.3d 526, 530 (7th Cir. 2011). Here, Hubbard had an adequate opportunity to respond to the argument that these claims are barred by the statute of limitations, but the undisputed fact is that his claims arose more than two years before he filed this lawsuit.

For the foregoing reasons, the motion for summary judgment (DE # 31) is **GRANTED**. The clerk is **DIRECTED** to enter judgment in favor of all defendants and against the plaintiff.

**SO ORDERED.**

Date: March 24, 2015

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT